**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6621**

_____

ROBERT S. BALLARD,

        Plaintiff - Appellant,

    v.

JOHN J. DOZIER; BRITTNAY COLEMAN; PATRICIA HUNT; LESLIE MCIVER,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-ct-03341-M)

_____

Submitted:  December 16, 2025                                    Decided:  January 20, 2026

_____

Before GREGORY, THACKER, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert S. Ballard, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert S. Ballard, a state prisoner, appeals the amended judgment in his 42 U.S.C. § 1983 action and the district court's order denying his Fed. R. Civ. P. 59 motions for a new trial on the issue of damages. "A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017). We review the denial of a Rule 59 motion for a new trial for abuse of discretion, *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 535 (4th Cir. 2021), and we "will not reverse such a decision save in the most exceptional circumstances," *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 241 (4th Cir. 2016) (citation modified).

As an initial matter, we reject as without merit Ballard's conclusory argument that the district court failed to clearly instruct the jury on damages. Additionally, we have reviewed the record and conclude that the district court did not abuse its discretion by denying Ballard's motions for a new trial. The jury found that John Dozier, a correctional officer, used excessive force against Ballard, but it did not award Ballard any compensatory damages. In his motions, Ballard argued that he suffered an actual injury and, therefore, that the jury should have awarded him compensatory damages. But the jury's decision not to award such damages was not against the weight of the evidence. Rather, based on the evidence, the jury could have reasonably concluded that Ballard's injuries were too minor to be compensable, or that Dozier used both excessive and justifiable force and that only the justifiable force caused Ballard's injuries. *See Kerman v. City of New York*, 374 F.3d 93, 123 (2d Cir. 2004) (discussing when verdict denying compensatory damages is

2

permissible); *Price v. City of Charlotte*, 93 F.3d 1241, 1245 (4th Cir. 1996) (noting that, for § 1983 "plaintiff to recover more than nominal damages, his injury must have actually been caused by the challenged [unconstitutional] conduct").

Accordingly, we affirm the district court's order and amended judgment. *Ballard v. Dozier*, No. 5:20-ct-03341-M (E.D.N.C. May 28, 2024; May 29, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*